**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1550-22

JMC REAL ESTATE
HOLDINGS, LLC,

     Plaintiff-Respondent,

v.

ASIM HOLDINGS, LLC,
ELI GLOBAL, LLC, and
GREG E. LINDBERG,
individually,

     Defendants-Appellants.

_____

Submitted December 11, 2023 – Decided May 2, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0572-20.

Law Offices of Charles A. Gruen, and William G. Whitehill (Condon Tobin Sladek Thorton Nerenberg, PLLC) of the Texas bar, admitted pro hac vice, attorneys for appellants (Michael Korik and William G. Whitehill, on the briefs).

DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for respondent (Stephen Osgood Davis, on the brief).

PER CURIAM

Defendants, ASiM Holdings, LLC (ASiM), Eli Global, LLC, and Greg E. Lindberg (Lindberg), appeal from the trial court's order of October 25, 2022, granting summary judgment to plaintiff and requiring defendants to pay unpaid rent, taxes, utilities, and attorney's fees stemming from a five-year property lease. Plaintiff JMC Real Estate Holdings, LLC, entered into a lease with defendants for space in a commercial building. The lease was related to the acquisition of the assets of a business, where defendants had entered into an asset purchase agreement (APA), promissory note, and two guaranties with Galen Publishing, LLC, a company related to plaintiff. We affirmed the trial court's orders with respect to defendants' breach of the APA, promissory note, and guaranties in a separate opinion (A-0142-22), and now affirm the trial court's October 25, 2022 order substantially for the reasons expressed in the well-reasoned, oral opinion of the Honorable Kevin M. Shanahan. We add the following comments.

Consistent with the purchase of the business assets, ASiM entered into a lease agreement for the real estate the business occupied, to commence on March

2

21, 2017, and terminate March 21, 2022. The lease contained specific annual increases, an acceleration clause in the event of default, and a requirement that tenant pay seventy-five percent of the increase in base property taxes and utilities. The lease was guaranteed individually by Lindberg who also signed a guaranty on behalf of defendant Eli Global.

Defendants do not dispute they stopped paying rent on March 1, 2020, and vacated the premises a year later in breach of the lease agreement. Defendants initially defended their non-payment of rent by claiming force majeure as a result of the COVID-19 pandemic. However, defendants abandoned their force majeure argument prior to plaintiff's motion for summary judgment. On appeal, defendants contend the trial court erred in (1) permitting plaintiff to introduce evidence of its mitigation efforts; and (2) calculating defendants' portion of responsibility for their share of municipal taxes pursuant to the lease.

With respect to mitigation, Judge Shanahan correctly found Jack Ciattarelli (Ciattarelli) — whom he deemed credible and who signed the lease on behalf of plaintiff-landlord — produced evidence that showed immediately upon defendants' breach of the lease agreement, he served them with a written notice on April 2, 2020 explaining if they did not cure the default, plaintiff intended to market the property for potential rent or sale. Judge Shanahan also

noted Ciattarelli responded to interrogatories and document demands propounded by defendants, stating he was making efforts to mitigate damages, and defendants made no effort to depose Ciattarelli during the discovery period to explore those mitigation efforts. Carolyn Lang, defendants' on-site employee, testified Ciattarelli informed her there would be people visiting to try to rent or sell the property, and a large sign was placed on the front window before defendants had her vacate the premises. There was testimony from a commercial real estate agent confirming the property was listed on three different multiple listing services, various potential buyers or renters were shown the property, but plaintiff was unable to sell or re-lease the space during the lease period, even after reducing the price. Defendants presented no evidence to rebut this testimony.

Defendants' arguments that the trial court improperly allowed testimony regarding mitigation are belied by this record. Plaintiff acknowledged its obligation to reasonable mitigation, at least from the time defendants vacated the property in March of 2021, and presented substantial, credible evidence of its efforts to mitigate since April 2, 2020. Defendants were not entitled to an adjustment of the award based upon plaintiff's alleged failure to mitigate damages.

4

Defendants' second argument also fails. Prior to the sale of the business' assets, defendants, as tenants, were obligated to pay seventy-five percent of the increases in all taxes assessed on the property over the established base amount, which was the tax amount for the 2007 tax year. That amount was $45,524.57, as testified to by Ciattarelli and defendants' own employee Lang. It was corroborated by a business record from the Somerville Tax Assessor. Defendants paid seventy-five percent over the base amount in 2017, 2018, 2019, and 2020, including municipal taxes, consistent with the lease agreement. In that regard, the lease stated that the seventy-five percent would apply to "real estate taxes," including "all taxes which are imposed by any governmental authorities and assessed against the Property." Defendants' belated claim that municipal taxes should be excluded from the judgment because municipal taxes are not explicitly mentioned in the lease's definition of taxes contradicts both the terms of the lease agreement and their own course of conduct.

Defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-1550-22